# PRACTICE REPORTS.

## SUPREME COURT.

THE FLOUR CITY NATIONAL BANK OF ROCHESTER, appellant, agt. PHILANDER E. HALL, impleaded, &c., respondent.

Under subdivision 5, of section 179 of the Code, a party may be *arrested*, "when he has removed or disposed of his property, or is about to do so, with intent to defraud his creditors."

A defendant has a lawful right to change his residence from the state of New York to any other state; and where he makes no secret of his intention to do so; and it does not appear that he owes any debt but the one due to the plaintiff; nor that he is not abundantly able to pay that; the fact that he had been disposing of his property in view of such removal, does not tend to establish an intention to defraud his creditors.

Where acts or statements of a party are susceptible of two interpretations, one indicating a fraudulent, and the other an honest and lawful purpose, the latter is to be adopted.

An affidavit corroborative of the principal affidavit to found an arrest, adds no additional strength to the principal affidavit, where all its statements are upon information and belief, and is no evidence except so far as facts are stated as the grounds of belief.

*Submitted Monroe General Term, December, 1862.*

*Before* WELLES, E. DARWIN SMITH *and* JOHNSON, *Justices.*

APPEAL from order of special term setting aside order of arrest.

T. C. MONTGOMERY, *for appellant.*

E. HICKS, *for respondent.*

*By the court,* WELLES, J. The order for the arrest of Hall was granted under subdivision 5, of section 179 of the Code, which provides that the defendant may be arrested "when he has removed or disposed of his property, or is about to do so, with intent to defraud his creditors;" and was founded upon two affidavits—one made by F. Gorton, and the other by H. D. Mallory—both of which were sworn to on the 28th day of May, 1866.

The one made by Mr. Gorton proves the cause of action, and then proceeds as follows: "And deponent further says, that he is informed by Horace D. Mallory, whose affidavit is hereto annexed; and is otherwise informed and verily believes, the said defendant Hall, is about to remove all his property from this state, with intent to defraud his creditors, and especially to defraud the plaintiff; and that he has disposed of his property, not money, and converted it into money and securities, with the like intent; and intends himself to depart from this state, and take with him the proceeds of his property so disposed of, with like intent."

The affidavit of Mr. Mallory, states as follows: "That on Friday last, the 25th instant, deponent bought a horse of the defendant, Philander E. Hall, for the sum of one hundred and seventy-five dollars, and paid him for the said horse seventy-five dollars in money, and gave him deponent's note for one hundred dollars, payable six months from that date. That said Hall then remarked to deponent, that was the last of his property that he had disposed of, and that if he, Hall, were not going away, deponent could not buy it for any such price; and then deponent inquired where and when he was going? and he answered, to St. Louis, Missouri, with the intention of remaining there if things looked to suit him; and that he intended to start for there next Monday morning. That deponent resides in the village of Canandaigua, and said Hall resides near that village, in Ontario county; and further deponent saith not."

It will be seen that Mr. Gorton's affidavit adds no strength to that of Mr. Mallory, on the question of Hall's intention in removing or disposing of his property, for the reason that all it states is upon information and belief, which is no evidence, except so far as facts are stated as the ground of belief. No such facts are stated, beyond what are contained in Mr. Mallory's affidavit.

The latter affidavit states nothing more than the purchase by the deponent of a horse of Hall, at a price which Hall alledged at the time would not have purchased it if he, Hall, were not going away; and that upon being inquired

Stewart agt. The Metropolitan Board of Health.

ot when and where he was going, answered to St. Louis, Missouri, with the intention of remaining there if things looked to suit him; and that he intended to start for there the next Monday morning. There is nothing in all this indicating a fraudulent purpose, or an intention of absconding —nothing inconsistent with a fair and honest purpose to pay his debts. It does not appear that he owed any debt but the one due to the plaintiff, nor that he was not abundantly able to pay that. It was lawful for him to change his residence from the state of New York to the state of Missouri, and he made no secret of that intention; and the fact that he had been disposing of his property in view of such removal, certainly does not tend to establish an intention to defraud his creditors.

Where acts or statements of a party are susceptible of two interpretations, one indicating a fraudulent, and the other an honest and lawful purpose, the latter is to be adopted.

In the present case, we think that all that the affidavits legally prove, comes entirely short of establishing a guilty purpose on the part of the defendant.

We think the order of the special term vacating the order of arrest should be affirmed, with ten dollars costs.

Ordered accordingly.